UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EKAETTE PEACE IGBINOVIA and GERMANIE CHERY, | )<br>)<br>) 14 C 5567 |
| Plaintiffs, | )<br>) Judge Feinerman |
| vs. | )<br>) |
| INDIANA DABNEY UNIVERSITY, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Ekaette Peace Igbinovia and Germanie Chery, through counsel, brought this suit against Indiana Dabney University, alleging breach of contract and premising subject matter jurisdiction on the diversity statute. Doc. 1. One day later, the court ordered Plaintiffs to show cause why the case should not be dismissed for want of subject matter jurisdiction. Doc. 3.

The show cause order explained: "Although the complaint premises subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332, it does not properly allege the citizenship of any party. The complaint does not allege the citizenship of Plaintiffs, who are individuals; the complaint merely alleges that each plaintiff 'reside' in Illinois. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012)." Doc. 3. As for Defendant, the complaint alleged that "Indiana Dabney University is located and transacts business in Hammond, Indiana." Doc. 1 at ¶ 4. That allegation, too, was insufficient for diversity purposes, leading the show cause order to state that "nor does the complaint properly allege the citizenship of Defendant. *See* 28 U.S.C. § 1332(c)(1)." Doc. 3. Section 1332(c)(1) provides in relevant part that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

1

business." 28 U.S.C. § 1332(c)(1). The order informed Plaintiffs that they could discharge the show cause order "by filing a Jurisdictional Addendum that properly alleges the citizenship of each party." Doc. 3. The order concluded: "If the citizenship of each party is not properly alleged by 8/6/2014, this case will be dismissed without prejudice for want of subject matter jurisdiction." *Ibid*.

Plaintiffs filed an amended complaint on August 1, 2014. Doc. 4. The amended complaint properly alleges the citizenship of Plaintiffs. Doc. 4 at ¶¶ 2-3. The same cannot be said of Defendant, of which the amended complaint alleges: "That the Defendant, Indiana University of Dabney[,] is located and transacts business in Hammond, Indiana. Defendant is a citizen of the State of Indiana." *Id*. at ¶ 4. Despite the show cause order's reference to § 1332(c)(1), which plainly sets forth what must be alleged to establish the citizenship of a corporation for diversity purposes; despite the fact that Form 7(a) of the Forms Appendix of the Federal Rules of Civil Procedure instructs plaintiffs in diversity cases to allege any corporate party's state of incorporation and state of principal place of business, *see* Form 7(a), Forms Appendix of Federal Rules of Civil Procedure; and despite legions of precedent making clear that parties invoking the diversity jurisdiction in cases where a corporation is a party must allege the corporation's state of incorporation and state of its principal place of business, *see*, *e.g.*, *Downs v. IndyMac Mortg. Servs., FSB*, 560 F. App'x 589, 591 (7th Cir. 2014) (enforcing the requirement against a pro se litigant); *Germaine v. St. Germain*, 435 F. App'x 530, 533 (7th Cir. 2011) (same); *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009) ("The state of incorporation and the principal place of business must be alleged in the complaint."); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676-78 (7th Cir. 2006) (ordering the attorneys to show cause why they should not be sanctioned failing to properly

2

allege the citizenship of a corporate party); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) ("[T]he plaintiff must allege both the state of incorporation and the state of the principal place of business for each corporation.") (quoting *Casio, Inc. v. S.M. & R., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)) (alteration in original); *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 748 (7th Cir. 2001); *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974 (7th Cir. 1988) ("Wojan failed to allege the location of GM's principal place of business; rather, the plaintiff merely noted in her complaint (and amended complaint) that GM was duly 'authorized' to do business in Illinois. GM's initial answer didn't help matters any, admitting that it was 'licensed' to do business in Illinois. But being 'licensed' or 'authorized' to do business in a state does not necessarily make a corporation, like GM, a citizen of that state because besides the state of incorporation, a corporation is only a citizen of the state in which it has its *principal* place of business (or its 'nerve center'), not every state in which it does business."), the amended complaint says nothing about the state where Defendant is incorporated or the state where it has its principal place of business. Accordingly, the amended complaint does not properly allege Defendant's citizenship.

Plaintiffs have had two opportunities in this case to properly allege diversity jurisdiction—in their complaint, and then in their amended complaint—and they will not be given a third. In *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996), the parties failed in the jurisdictional statements of their appellate briefs, and then again in supplemental jurisdictional statements requested by the Seventh Circuit after the flaws in their jurisdictional statements were brought to their attention, to establish that the case was within the diversity jurisdiction. *Id*. at 58-59. This repeated failure led the Seventh Circuit to state: "There are two options: to dismiss immediately for lack of jurisdiction, and to call for yet another round

of jurisdictional filings." *Id*. at 59. The Seventh Circuit chose the first option, reasoning as follows:

> These lawyers knew what they had to do, and they did not do it. Failure in one round of supplemental filings leads us to doubt that a second would be any more successful. Anyway, it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear.

*Ibid.*; *see also Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 319-21 (7th Cir. 2002) (ordering the case dismissed for want of subject matter jurisdiction under similar circumstances); *Union Oil Co. of Cal. v. John Brown E&C*, 121 F.3d 305, 312 (7th Cir. 1997) (same). Here, after the complaint invoked the diversity jurisdiction but failed to properly allege the citizenship of any party, the court *did* lead Plaintiffs "through a jurisdictional paint-by-numbers scheme," and Plaintiffs, who are represented by counsel, *still* failed to establish the requisites of federal jurisdiction. Under these circumstances, the appropriate disposition is to dismiss the case for want of subject matter jurisdiction. *See Kroll v. Ceva Freight, LLC*, 2014 WL 43641 (N.D. Ill. Jan. 6, 2014) (remanding the case to state court under similar circumstances). The dismissal is without prejudice. *See In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011) ("dismissal for want of jurisdiction, not being an adjudication on the merits, is without prejudice").

August 20, 2014

United States District Judge